JAMES A. SINK v. KENNETH WESLEY EASTER, JR.

No. 7322SC288

(Filed 1 August 1973)

1. **Actions § 10; Rules of Civil Procedure § 3— issuance of summons — extension of time to file complaint — inability to gain personal service — alternate service by publication — time of commencement of action**

   Where, in a father's action to recover for medical expenses of a minor child arising out of an accident which occurred on 6 September 1968, summons was issued on 4 September 1971 and plaintiff was granted an extension of time to file his complaint to 24 September 1971, the sheriff on 10 September 1971 made his return which indicated that defendant was in a foreign country and his address was unknown, and the complaint was filed on 23 September 1971, (1) it was not necessary for plaintiff to get an endorsement of the original

Sink v. Easter

summons or continue to sue out alias or pluries summonses to avoid a discontinuance, but plaintiff could properly proceed with the alternate method of service by publication under G.S. 1A-1, Rule 4(j)(9)c, and (2) the action was commenced when summons was issued and plaintiff was granted an extension of time to file his complaint, not when the complaint was actually filed, and the action did not abate since the complaint was filed within the extended time.

2. **Process § 10; Rules of Civil Procedure § 4— alternate service by publication — failure to mail complaint and notice — stipulation — address not discoverable**

Defendant is bound by his stipulation that he was served by publication and cannot complain that plaintiff's affidavit, filed after publication of notice pursuant to G.S. 1A-1, Rule 4(j)(9)c, is insufficient in that it fails to show a mailing of a copy of the complaint and notice; furthermore, plaintiff showed sufficient justification for omission of the mailing on the ground that defendant's post office address could not be ascertained with reasonable diligence where his affidavit disclosed that the sheriff returned the summons with the notation that defendant was in a foreign country and his address was unknown, and that plaintiff called defendant's residence in High Point and was advised that defendant was in a foreign country, his address was unknown and it was not known when he would return.

APPEAL by plaintiff from *Long, Judge,* 6 November 1972 Session of Superior Court held in DAVIDSON County.

This is an action by the father of a minor to recover medical expenses incurred by him on behalf of the minor for injuries allegedly caused by defendant's negligence.

The accident in which the minor was allegedly injured by the negligence of defendant occurred on 6 September 1968. Summons was issued on 4 September 1971. On the same day, plaintiff made application to the court for an extension of time within which to file his complaint. The application stated the nature and purpose of the action. The court extended the time within which plaintiff could file his complaint to 24 September 1971 and ordered that a copy of the application and order be delivered to the defendant with a copy of the summons. On 10 September 1971 the sheriff returned the summons and order extending time to file complaint unserved, with the following notation: "Kenneth Wesley Easter not to be found in Guilford County—in Amsterdam address unknown." The complaint was filed on 23 September 1971. Notice of service by publication was published on 1, 8 and 15 October 1971. The notice complied with Rule 4(j)(9)c. On 11 November 1971 defendant filed a motion to dismiss, saying that he had not been served with process

and that the court lacked jurisdiction. By order dated 27 December 1971, which was not filed until 27 March 1972, Judge Wood denied the motion to dismiss and allowed defendant thirty days from the date of the order to file answer. Answer was filed on 25 April 1972.

On 4 August 1972 defendant moved for summary judgment on the ground that the action was commenced more than three years after the cause of action accrued. On 16 November 1972 Judge Long signed an order allowing the motion. Plaintiff appealed.

*Charles F. Lambeth, Jr., for plaintiff appellant.*

*Walser, Brinkley, Walser & McGirt by G. Thompson Miller for defendant appellee.*

VAUGHN, Judge.

[1] Defendant takes the position that plaintiff's action was not commenced until the complaint was filed on 23 September 1971 which was more than three years after the date of the accident. Rule 3 provides that a civil action is commenced by the filing of the complaint. Rule 3 also provides that: "A civil action may also be commenced by the issuance of a summons when

    (1) A person makes application to the court stating the nature and purpose of his action and requesting permission to file his complaint within 20 days and

    (2) The court makes an order stating the nature and purpose of the action and granting the requested permission.

The summons and the court's order shall be served in accordance with the provisions of Rule 4. When the complaint is filed it shall be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If the complaint is not filed within the period specified in the clerk's order, the action shall abate."

Plaintiff complied with the rule and filed his complaint within twenty days. Defendant contends that plaintiff failed, as required by the rule, to serve the "summons and court's order" and, therefore, the action was not "commenced" until the complaint was filed. We disagree. The action was commenced when

summons was issued and plaintiff applied for and was granted authority by the court to file his complaint by 24 September 1971. If plaintiff had failed to file his complaint within the time allowed, the action, though properly commenced, would have abated. Plaintiff filed his complaint within the time allowed in the order and, therefore, the action did not abate. The summons and order extending time were issued on 4 September 1971. On 10 September 1971 the sheriff made his return which indicated that defendant was out of the State, was in a foreign country and that his address was unknown. Defendant appears to contend that plaintiff was then required to get an endorsement of the original summons or continue to sue out alias or pluries summons to avoid a discontinuance. Undoubtedly plaintiff could have, under Rule 4(d), elected to continue his action indefinitely by that method in order to attempt to obtain personal service under Rule 4(a). He was not, however, limited to that procedure. The action is one in which the court had jurisdiction of the subject matter and there were grounds for personal jurisdiction. G.S. 1-75.4. The parties stipulated that defendant was out of the State from the last day of August until 1 November 1971 and could not be "personally served." Plaintiff, therefore, was at liberty to proceed with the alternative method of service of process provided by Rule 4(j)(9), which actually gives several choices as to the method to be employed. Plaintiff proceeded under Rule 4(j)(9)c. The parties stipulated " . . . summons was issued for defendant in this civil action within the period of limitations; that it could not be personally served upon defendant and thereafter, after the period of limitation had run, defendant was served by publication. . . .". The record discloses that "service by publication" was made in apt time. That it was made after the statute had run on plaintiff's claim is of no consequence. Plaintiff's action was commenced, for the reasons we have stated, on 4 September 1971. His complaint was filed within the time allowed. Thus, in no event could there have been a discontinuance in less than ninety days from the date the summons was issued. Defendant was served by publication within that period.

[2] In his brief defendant says that plaintiff's affidavit, filed after publication of the notice, is insufficient in that it does not show a mailing of the copy of the complaint and notice as required by Rule 4(j)(9)c. We hold that defendant is bound by his stipulation at trial that "defendant was served by publication." Moreover, the affidavit discloses that: the sheriff re-

turned the summons with the notation that defendant was in Amsterdam and that defendant's address was unknown; that the affiant had called the residence of defendant in High Point and was advised that defendant was in Amsterdam, his address was unkown and that when he would return was unknown. Rule 4(j) (9)c provides that "[t]he mailing may be omitted if the post office address cannot be ascertained with reasonable diligence."

For the reasons stated it was error to grant defendant's motion for summary judgment on the grounds that plaintiff's action was barred by the statute of limitations.

Reversed.

Judges BROCK and BALEY concur.